1
**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (175650)
2   *ron@consumersadvocates.com*
SKYE RESENDES (278511)
3   *skye@consumersadvocates.com*
ALEXIS M. WOOD (270200)
4   *alexis@consumersadvocates.com*
651 Arroyo Drive
5   San Diego, California 92103
Telephone: (619) 696-9006
6   Facsimile: (619) 546-6665

7   ***Counsel for Plaintiff and the Proposed Class***

8

9              **UNITED STATES DISTRICT COURT**

10        **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

11  | JESSICA AUGUSTINE, individually, | CASE NO.: 3:13-cv-03129-H-DHB |
    and on behalf of all others similarly
12  situated, and the general public,      CLASS ACTION

13                                          **FIRST AMENDED COMPLAINT FOR:**
                    Plaintiff,
14                                          1.  **VIOLATION OF CALIFORNIA
    v.                                          CONSUMER LEGAL REMEDIES
15                                              ACT [CIV. CODE §§ 1750, *et seq.*];
    NATROL PRODUCTS, INC.,
16                                          2.  **VIOLATION OF CALIFORNIA
                                                UNFAIR COMPETITION LAW [BUS.
17                  Defendant.                   & PROF. CODE §§ 17200, *et seq.*];

18                                          3.  **VIOLATION OF CALIFORNIA
                                                FALSE ADVERTISING LAW [BUS. &
19                                              PROF. CODE §§ 17500, *et seq.*];

20                                          4.  **BREACH OF EXPRESS
                                                WARRANTY;**
21
                                            5.  **BREACH OF THE IMPLIED
22                                              WARRANTY OF
                                                MERCHANTABILITY.**
23

24                                          DEMAND FOR JURY TRIAL

25

26

27

28

                                    1

1   Plaintiff Jessica Augustine by and through her attorneys of record, bring this

2   action on behalf of herself, all others similarly situated, and the general public ("Plaintiff")

3   against Defendant NATROL PRODUCTS, INC., ("Natrol" or "Defendant").   Plaintiffs

4   allege the following upon their own knowledge, or where there is no personal knowledge,

5   upon information and belief and the investigation of their counsel:

6   ## JURISDICTION AND VENUE

7   1.  This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), as

8   amended by the Class Action Fairness Act of 2005, as a matter in controversy that

9   exceeds the sum of $5,000,000.00, exclusive of costs and interest.  On information and

10  belief, more than two-thirds of the members of the class are citizens of a state different

11  from the Defendant.  This Court has supplemental jurisdiction over the state law claims

12  pursuant to 28 U.S.C. § 1367.

13  2.  Personal jurisdiction derives from the fact that the Defendant is incorporated in

14  California, maintains its principal place of business in California, and conducts business

15  within the State of California and within this judicial district.

16  3.  Venue is proper within this district pursuant to 28 U.S.C. § 1391(b)(2) because

17  many of the acts and transactions occurred in this district and because Defendant:

18      (i)    is authorized to conduct business in this district and has intentionally

19      availed itself of the laws and markets within this district through the

20      promotion, marketing, distribution and sale of its products in this

21      district;

22      (ii)    does substantial business in this district;

23      (iii)    advertises to consumers residing in this district; and

24      (iv)    is subject to personal jurisdiction in this district.

25  ## PARTIES

26  4.  On information and belief, at all times relevant to this matter Defendant

27  Natrol Products, Inc. was a California corporation with its principal place of business

28  located at 21411 Prairie Street, Chatsworth, California 91311.

5.   At all times relevant herein, Defendant advertised, marketed, distributed, and sold Laci Le Beau Super Dieter's Tea ("Product") to consumers in the United States, transacting business in this district and throughout the United States.

6.   At all times relevant to this matter, Plaintiff Jessica Augustine resided, and continues to reside, in La Mesa, California.

7.   Members of the putative Class reside in California and other states in the United States.

8.   During the Class period, Plaintiff Jessica Augustine was exposed to and saw Defendant's claims about the Product, which claimed, *inter alia*, that the product was effective for weight-loss.   In or about May or June of 2013, Plaintiff purchased the Product in Acai flavor, in reliance on those claims at Ross in La Mesa for approximately $3.99, and suffered injury in fact as a result of Defendant's unfair competition as described herein, and as the Product did not work as advertised.

9.   Plaintiff is informed and believes and thereon allege that at all times herein mentioned the Defendant and Defendant's employees were the agents, servants and employees of the Defendant, acting within the purpose and scope of that agency and employment.

## **INTRODUCTORY FACTS**

10. This is a consumer protection class action lawsuit on behalf of purchasers of the Product, Laci Le Beau Super Dieter's Tea.  For over ten years, the Product has been and continues to be marketed by the Defendant as weight loss teas that are also designed to support reduction of excess body fats and accumulated toxins.  However, the main ingredient in the Product is Cassia Anjustifolia, or Senna Leaves, an herbal laxative that can actually thwart weight loss by slowing the metabolism and causing, in combination with the Product's other diuretic ingredients, chronic bloating and constipation.

11.  The Product contains no weight loss ingredients or fat burners, are not effective treatments for weight loss or appetite suppression and do not in fact work as advertised.

12.   In addition, Plaintiff and the class would not have purchased the Product, but for the Product's deceptive labeling claims.

13.   Defendant's advertising of its Product is and has been the subject of an extensive and comprehensive, nationwide marketing campaign in various media including the internet.

14.   Defendant primarily advertises and promotes its Product through labeling claims on the front of the Product's package.   Label descriptions on the Product's packaging, taken as a whole, clearly indicate what the Product is supposed to do and all members of the class were exposed to the Product's labels as depicted herein because Defendant's labeling is and was uniform throughout the U.S.

15.   Like other members of the class, Plaintiff saw, understood, and relied on the labels included in this Complaint, including but not limited to: the false or misleading claims on the Product, stating "Super Dieter's Tea," "All Natural," "No Artificial Ingredients," "Your Cup of Tea $^{TM}$," "Dieting can be … satisfying… with the help of my flavorful all natural Super Dieter's Teas," "perfect, low-calorie solution to help balance your lifestyle and provide soothing results," "Cleanse," "Supports Weight Loss Efforts," "Helps Eliminate Impurities," and "America's #1 Brand of Dieter's Tea."   Each of these statements is false and/or misleading because a reasonable consumer would understand them to mean, taken together and in context, that the Product caused or supported permanent weight loss, elimination of toxins from the body, and a reasonable consumer would not understand that the Product is nothing more than a stimulant laxative that should not be consumed regularly.   According, the Product does not provide the advertised benefits or possess the advertised qualities.

16.   Defendant's marketing and promotion of the Product is supported by false and misleading claims containing material omissions concerning the Product's efficacy and supposed mechanism of action.  Defendant had a duty to disclose the truth behind the Product's supposed efficacy and mechanism of action, to correct the deception that its

1    partial disclosure created in minds of consumers.

2        17.  When purchasing the Product, Plaintiff was seeking a product that would

3    help her lose weight, burn fat, cleanse and eliminate impurities, as Defendant promised,

4    represented and warranted.   Moreover, Plaintiff sought a product that was generally

5    healthy, as the Product promised to help eliminate toxic waste from the body.

6        18.   Plaintiff purchased the Product believing it had the qualities she sought,

7    based on the Product's deceptive labeling, but the Product was actually unacceptable to

8    her as it contained no weight loss, fat burning or toxic waste elimination properties or

9    benefits as advertised.

10       19.  Moreover, like all reasonable consumers and members of the class, Plaintiff

11   considers a label's compliance with federal law a material factor in her purchasing

12   decisions.   Plaintiff is generally aware that the federal government carefully regulates

13   packaged food products and therefore has come to trust that information conveyed on

14   packaged food labels is truthful, accurate, complete, and fully in accordance and

15   compliance with federal law. As a result, Plaintiff trusts she can compare competing

16   products on the basis of their labeling claims, to make a purchasing decision.

17       20.  Like all reasonable consumers and members of the class, Plaintiff would not

18   purchase a food product she knew was misbranded under federal law, *see* 21 U.S.C. §

19   343, which the federal government prohibits selling, *id.* § 331, and which carries with its

20   sale criminal penalties, *id.* § 333.   Plaintiff could not trust that the label of a product

21   misbranded under federal law is truthful, accurate and complete.

22       21.  Similarly, like all reasonable consumers and members of the class, Plaintiff

23   would not purchase a food product she knew was an illegally marketed new drug for

24   which the FDA has not determined its safety and efficacy.

25       22.  In light of the foregoing, reasonable consumers, including Plaintiffs and other

26   members of the class, were and are likely to be deceived by Defendant's advertising and

27   marketing practices as detailed herein.

28   / / /

*Augustine v. Natrol Products, Inc.*, No. 13cv03129
FIRST AMENDED CLASS ACTION COMPLAINT

23.   Further, Plaintiff and the Class purchased the Product instead of competing products based on the false statements and misrepresentations described herein.

24.   Instead of receiving a product that has the weight loss, fat burning, or toxic waste elimination benefits and properties as advertised, Plaintiff and the Class received a product worth much less, or which was worthless, since the Product not only does not work but causes no effect or effects reverse of that advertised.

25.   Plaintiff and the Class lost money as a result of Defendant's deception in that Plaintiff did not receive what she had paid for.

26.   Plaintiff and the Class altered their position to their detriment and suffered damages in an amount equal to the amount they paid for the Product.

27.   Plaintiff brings this action on behalf of herself and all other similarly situated consumers in the United States, *or in the alternative* California and states with laws that do not materially differ to California, to halt the dissemination of Defendant's deceptive and false advertising message about the Product, to correct the false and misleading perception it has created in the minds of consumers, and to compensate the Class members wronged by the Defendant's conduct.  Plaintiff alleges violations of the Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*, "CLRA"), Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*), False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, *et seq.*), breach of express warranty, and breach of implied warranty.

## SPECIFIC FACTUAL ALLEGATIONS

28.   Defendant has used and continues to use labeling, advertising, and the Internet, *inter alia*, to market that the Product "Supports Weight Loss Efforts," and "Helps Eliminate Impurities."

29.   Each of Defendant's statements, *inter alia*, is false and/or misleading for the reasons set forth below.

### *Laci Le Beau Super Dieter's Tea: the Product*

30.   Defendant markets the Product in the following flavors:[1] Acai, All Natural

---

[1] *See* www.lacilebeau.com/Store/Products.aspx?cat=02 (last visited Dec. 16, 2013).

*Augustine v. Natrol Products, Inc.*, No. 13cv03129
FIRST AMENDED CLASS ACTION COMPLAINT

Botanicals, Apricot, Cinnamon Spice, Cranberry Twist, Lemon Mint, Peppermint and Tropical Fruit.

31.  Though the ingredients may vary in order for the tea to achieve the advertised flavor, the key ingredients for purported weight loss do not:  The key ingredient combination in the Product is Senna (*Cassia angustifolia*) (leaf) and Stevia Powder and Stevia Powdered Extract/ (*Stevia rebaudiana*) (leaf).

32.  Cassia Anjustifolia, or senna leaves, have a laxative effect, but is not a bulk-forming laxative.  Bulk-forming laxatives are generally considered safe for regular use.

33.  Senna is a stimulate laxative that stimulates bowel muscles to increase bowel movements.

34.  Real weight-loss cannot occur from Senna because the laxative only affects the colon and does not prevent the absorption of calories, which occurs in the small intestine.

35.  Further, stimulate laxatives can cause dependence if the muscles "forget" how to work on their own.  Repeated use of laxatives over an extended period of time can also slow the metabolism.  (*See* www.dietspotlight.com/tadin-zendo-dieter's-tea-review/ last visited December 18, 2012).

36.  The American Herbal Products Association (AHPA) warns against long-term use of senna leaf and recommends that senna leaf products be labeled, "Do not use this product if you have abdominal pain or diarrhea.  Consult a healthcare provider prior to use if you are pregnant or nursing.  Discontinue use in the event of diarrhea or watery stools. Do not exceed recommended dose. Not for long-term use." www.ahpa.org/Default.aspx?tabid=224#section_stimulant_laxativ (last visited May 25, 2013).

37.   In addition, the State of California has established labeling requirements that supersede the AHPA requirement for products sold in California.  All dietary supplements that contain aloe (Aloe ferox and other related species), buckthorn bark and berry (Rhamuns catharticus), cascara sagrada bark (Rhamnus purshiana), rhubarb root (Rheum

1  palmaturn), and senna leaf and pod (Cassia acutifolia, C, angustifolia, C, senna) are

2  required to bear the following label:  "NOTICE: This product contains (name of

3  substance(s) and common name(s) if different).  Read and follow directions carefully.  Do

4  not use if you have or develop diarrhea, loose stools, or abdominal pain because (insert

5  common name) may worsen these conditions and be harmful to your health.  Consult your

6  physician if you have frequent diarrhea or if you are pregnant, nursing, take medication, or

7  have a medical condition."  Title 17, Cal. Code of Regs. §§ 10200 and 10750; *see also* 21

8  C.F.R. § 310.545(a)(8); 58 Fed. Reg. 27636, 27640-27641.  While the back of the Product

9  bears this required disclaimer in small type, the front and sides of the packaging make

10  advertising claims that directly contradict that disclaimer along with the known properties

11  and dangers of repeated or ongoing use of Senna.

12  ***Specific Misrepresentations, Material Omissions and Deceptive Facts***

13  ***a. Front Label***



26         38.  <u>Misleading Product Name:</u>  Defendant labels the Product as being a "Super

27  Dieter's Tea," when it does not contain any ingredients to help one diet or lose weight.

28  Further, as most diets last well longer than the limited time period in which a person

1   should not exceed the use of Senna, it is deceptive to label the Product a "Dieter's Tea."

2   39.   Misleading Description:   Defendant prominently describes the Product as a

3   "CLEANSE," by highlighting this word in all capital letters with surrounding contrasting

4   color.  This description is misleading in that it makes the Product seem as though it has

5   ingredients that will help to flush the body of toxins, when in reality it contains a laxative

6   ingredient.

7   40.   Misleading Bullet Point:   Defendant has a bullet point in purple text with

8   contrasting background clearly advertising that the Product "Supports Weight Loss

9   Efforts."   However, the product contains Senna, which is not effective in permanent

10  weight loss and may have an opposite effect and cause bloating and cramping.  Further, as

11  most diets last well longer than the limited time period in which a person should not

12  exceed the use of Senna, making this claim false or deceptive.

13  41.   Misleading Bullet Point:  Defendant's other bullet point in purple text with

14  contrasting background also clearly advertises that the Product "Helps Eliminate

15  Impurities."  This bullet point is misleading in that it makes the Product appear to be able

16  to eliminate toxins, or that the Product contains ingredients to do the same, when the

17  Product contains Senna and Stevia.   Further, this claim would mislead the average

18  consumer into believe they could consume the Product on an ongoing basis, well

19  exceeding than the limited time period in which a person should not exceed the use of

20  Senna, making this claim false or deceptive.

21  42.   Misleading Seal:  Defendant highlights in a yellow seal on the box that the

22  Product is "America's #1 Brand of Dieter's Tea."  This seal is misleading in that it lures

23  consumers into thinking the Product is safe and/or effective by being a best-seller.

24  Further, it is misleading in that it calls the Product a "Dieter's Tea."   However, the

25  ingredients of Senna and Stevia do not make the Product a "Tea," or something for

26  "Dieter's" to be consuming because Senna and the other ingredients in the Product do not

27  have any effect on the type of weight loss a consumer would seek (i.e., long-lasting).

28  Moreover, most diets last well longer than the limited time period in which a person

1  should not exceed the use of Senna, making this claim false or deceptive.

2  ***b. Back Label***



3

4

5

6

7

8

9

10

11

12

13

14

15

16

17      43.  <u>Misleading Message:</u> Defendant's label has a letter to its "Friend," stating

18  that "Dieting can be… satisfying.  Especially with the help of …Super Dieter's Tea."

19  This statement is misleading in that it makes the Product appear to be able to help with

20  long-lasting weight loss or ongoing weight loss efforts, when the Product is actually

21  supplying the consumer with a stimulant laxative that should not be consumed on a

22  regular basis.

23      44.  <u>Misleading Description</u>:  Defendant's label calls the Product, "all natural."

24  This statement is misleading because the source of the ingredients is unknown.  Senna,

25  stevia, or any number of the other ingredients may be processed and therefore not natural.

26      45.  <u>Misleading Message</u>:  Defendant highlights that the Product is a "low-calorie

27  solution to help balance [one's] lifestyle and provide soothing results."  This statement is

28  misleading because the ingredients in the Product do not provide soothing results, if any

*Augustine v. Natrol Products, Inc.*, No. 13cv03129
FIRST AMENDED CLASS ACTION COMPLAINT

results.  Senna can have effects that would not be very soothing such as cramping and diarrhea.

46. <u>Misleading Graphic:</u>  Defendant has a picture of a woman sipping a cup of tea within its letter to its "Friend."  This picture is misleading in that it helps support that the Product is soothing in some way, when really the ingredients may cause physical pain and bloating to its consumers.

47. <u>Misleading Slogan:</u> Defendant puts noticeably under the brand name of the product, its slogan "Your Cup of Tea."  This is a misleading statement because the Product is not actually a tea, but a stimulant laxative.

48. <u>Misleading Description:</u> Defendant describes the Product as "All Natural." This statement is misleading because the source of the ingredients is unknown.  Senna, stevia, or any number of the other ingredients may be processed and therefore not natural.

49. <u>Misleading Description:</u> Defendant describes the Product as having "No Artificial Ingredients.  This statement is misleading because the source of the ingredients is unknown.  Senna, stevia, or any number of the other ingredients may be processed and therefore, artificial.

## **RELIANCE AND INJURY**

50. In purchasing the Product, Plaintiff was seeking a Product that had the qualities described on the Product's labeling.

51. Plaintiff read and relied on the following deceptive claims by Defendant concerning the Product:

- "Super Dieter's Tea"
- "All Natural"
- "No Artificial Ingredients"
- "Your Cup of Tea ™"
- "Dieting can be … satisfying… with the help of my flavorful all natural Super Dieter's Teas"
- "perfect, low-calorie solution to help balance your lifestyle and provide

soothing results"

- "CLEANSE"

- "Supports Weight Loss Efforts"

- "Helps Eliminate Impurities"

- "America's #1 Brand of Dieter's Tea"

52.  Each of these statements is false and/or misleading because the Product is not effective in achieving the results advertised.  Defendant's marketing and promotion is misleading, false, and contains material omissions concerning the Product's efficacy and supposed mechanism of action.

53.  Plaintiff believed the Product had the qualities she sought based on its deceptive labeling, but the Product was actually unsatisfactory to Plaintiff for the reasons described herein.

54.  The Product costs more than similar products without misleading labeling.

55.  Plaintiff paid more for the Product, and would have been willing to pay less, or unwilling to purchase the Product at all, absent the false and misleading label complained of herein.

56.  Like all reasonable consumers and members of the public, Plaintiff would not have purchased a Product if she knew it was misbranded under federal laws, which the government prohibits selling, and which carries with its sale criminal penalties.  *See* 21 U.S.C. §§ 331, 333, 343.

57.  California Health and Safety Code, Division 104, Part 5, contains the Sherman Food, Drug, and Cosmetic Law ("Sherman Law," located at Cal. Health & Safety Code §§ 109875-111915.  The Sherman Law imposes identical requirements to the federal FDCA.  *See* Cal. Health & Safety Code §§ 110095, 110100, 110105, 110110, 110111, 110115, 110422 *et seq.*, 110660 *et seq*.   The Sherman Law is explicitly authorized by the FDCA.  21 U.S.C. § 343-1.

58.  The Products are misbranded and unlawful under the Sherman Law due to their false and misleading claims, as described herein.

12

59.  Absent the misrepresentations and omissions described herein, which are material to an average consumer, Plaintiff and other consumers would not have purchased the Product.

60.  In purchasing the Product which was falsely or deceptively advertised, Plaintiff suffered an injury in fact in the form of the lost purchase price of the Product.

61.  Plaintiff seeks justice for herself and similarly-situated consumers of the Product by means of this action to enjoin the ongoing deceptive practices described herein.

62.  In light of the foregoing, reasonable consumers, including Plaintiff and other members of the class, were and are likely to be deceived by Defendant's advertising and marketing practices as detailed herein.

63.  Further, Plaintiff and other members of the class purchased the Product instead of competing products based on false statements, misrepresentations and omissions described herein.

64.  Instead of receiving a product that had the benefits, advantages, qualities and characteristics as advertised, Plaintiff and other members of the class received a product worth much less, or which was worthless, since the Product did not possess the characteristics, benefits, advantages and qualities as advertised by Defendant.

65.  Plaintiff lost money as a result of Defendant's deception in that Plaintiff did not receive what she paid for.

66.  Plaintiff altered her position to her detriment and suffered damages in an amount equal to the amount she paid for the Product over the class period.

## CLASS ACTION ALLEGATIONS

67.  Pursuant to Rules 23(a), (b)(3) and/or (b)(2) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of themselves and a nationwide Class, initially defined as follows:

All persons in the United States who purchased Defendant's Laci Le Beau Super Dieter's Tea from December 20, 2009 to the present ("Class Period") for personal or

1   household use, and not for resale or distribution purposes.

2   *Or, in the alternative,*

3   All purchasers in California and states with laws that do not materially differ from

4   the California laws pleaded herein, of Defendant's Laci Le Beau Super Dieter's Tea, for

5   household or personal use, from December 20, 2009 through and including the present.

6   68.   Excluded from the Class are Defendant's officers, directors, shareholders,

7   and employees; the judicial officer(s) deciding this action and their immediate family

8   members and employees.

9   69.   The persons in this Class are so numerous that the joinder of all such persons

10  is impracticable and Plaintiff contends the following common questions of law or fact:

11  (a)   whether the challenged claims discussed above are false, misleading, or

12  reasonably likely to deceive a reasonable consumer;

13  (b)   whether Defendant's conduct violates public policy;

14  (c)   whether Defendant's conduct constitutes violations of the laws asserted

15  herein;

16  (d)   whether Defendant engaged in false or misleading advertising;

17  (e)   whether Plaintiff and Class members have sustained monetary loss and the

18  proper measure of that loss;

19  (f)   whether Plaintiff and Class members are entitled to declaratory and

20  injunctive relief.

21  These questions of law and fact also predominate over questions that affect only

22  individual class members.   The Product's labeling was uniform throughout the Class

23  Period, meaning all Class members were exposed to the same labeling.

24  70.   Plaintiff's claims are typical of those of the Class and they will fairly and

25  adequately represent the interests of the Class.   Plaintiff will serve as adequate Class

26  Representatives.   Plaintiff's counsel is highly experienced in complex consumer class

27  action litigation, and will vigorously represent the best interests of the class.   Plaintiffs

28  have no adverse or antagonistic interests to those of the Class.

71.  Class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually. The trial and the litigation of Plaintiffs' claims are manageable.

72.  Unless a class-wide injunction is issued, Defendant will continue to commit the violations alleged, and the members of the Class and the general public will continue to be exposed to deceptive advertising or misled, to the detriment of the Class and the public.

73.  Defendant has acted and refused to act on grounds generally applicable to the Class, making appropriate final injunctive relief with respect to the Class as a whole.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### For Violations of the Consumers Legal Remedies Act –

### Civil Code Section 1750 *et seq.*

### [On Behalf of Plaintiff and the Class and Against the Defendant]

74.  Plaintiff repeats, re-alleges and incorporates by reference each and every allegation contained above as if fully set forth herein.

75.  At all times relevant herein, there was in full force and effect the Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq.* (the "Consumers Legal Remedies Act") and similar deceptive practice acts in other states.  Plaintiffs are consumers as defined by Civil Code § 1761(d).  The Product is a good within the meaning of Civil Code § 1761(a).

76.  Defendant violated and continues to violate the Consumers Legal Remedies Act by engaging in the following practices proscribed by § 1770(a), in transactions with Plaintiffs and the Class which were intended to result in, and did result in, the sale of the Products:

(a)   Advertising that the Product is effective for weight loss when it is not;

(b)   Representing that the Product has characteristics, uses or benefits which it

1   does not have;

2       (c)  Representing that the Product is of a particular standard, quality or grade

3   when they are of another;

4       (d)  Advertising the Product with intent not to sell them as advertised;

5       (e)  Representing that the Product has been supplied in accordance with a

6   previous representation when it does not;

7       (f)  Engaging  in  conduct  that  creates  a  likelihood  of  confusion  or

8   misunderstanding.

9       77.  The Defendant's representations amount to false and/or deceptive acts or

10   practices in violation of the Consumers Legal Remedies Act.

11       78.  Defendant's  actions  described  herein  similarly  violated  the  consumer

12   protection  statutes  in  effect  in  every  state  in  which  Defendant  or  their  affiliates  do

13   business.

14       79.  Defendant  violated  the  Consumers  Legal  Remedies  Act,  and  similar

15   provisions in the Consumers Legal Remedies Acts of other jurisdictions within the United

16   States,  by  making  the  representations,  claims  and  nondisclosures  for  the  Products,  as

17   described  herein,  when  it  knew,  or  should  have  known,  that  the  representations  and

18   advertisements were incomplete, false and misleading.

19       80.  Plaintiff and other members of the Class relied upon the Defendant's material

20   misrepresentations as to the quality and attributes of the Product.

21       81.  Plaintiff  and  other  members  of  the  Class  were  likely  to  be  deceived  by

22   Defendant's representations about the quality and attributes of the Product, including but

23   not limited to the purported ability of the Product to cause weight loss.

24       82.  Plaintiff and other Class members would not have purchased the Product had

25   they known Defendant's claims were misleading, unfounded or untrue, and the true nature

26   of the Product, causing them injury in fact in the form of the lost purchase price for the

27   Products.

28   / / /

*Augustine v. Natrol Products, Inc.*, No. 13cv03129
FIRST AMENDED CLASS ACTION COMPLAINT

83.  Pursuant to section 1782 *et seq.* of the Consumers Legal Remedies Act, Plaintiff notified Defendant in writing by certified mail of the particular violations of § 1770 of the Act as to the Product and demanded that Defendant rectify the problems associated with the actions detailed above and give notice to all affected consumers of its intent to so act.  Defendant's wrongful business practices regarding the Product constituted, and constitute, a continuing course of conduct in violation of the Consumers Legal Remedies Act since Defendant is still representing that the Product has characteristics, uses, benefits, and abilities which are false and misleading, and have injured and continue to injure Plaintiff and the Class.  Copies of Plaintiff's letters are attached as **Exhibit 1** hereto.

84.  Pursuant to California Civil Code § 1780(a), Plaintiff and the Class seek an order of this Court enjoining the Defendant from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law; awarding Plaintiff and the Class restitution and disgorgement; awarding Plaintiff and the Class damages and punitive damages; and for attorney's fees and costs under *id.* § 1780(e).

## SECOND CAUSE OF ACTION

### Violation of California Business & Professions
### Code Section 17200, *et seq*. (Unfair Competition Law)
### [On Behalf of Plaintiff and the Class and Against the Defendant]

85.  Plaintiff repeats, re-alleges and incorporates by reference each and every allegation contained above as if fully set forth herein.

86.  Business & Professions Code Section 17200 prohibits any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."  For the reasons discussed above, Defendant has engaged in "unlawful" business acts or practices by, among other things, making misrepresentations and omissions of material facts, as set forth more fully above, and violating, among other statutes, Civil Code §§ 1572, 1573, 1709, 1710, 1711, 1770, Business & Professions Code § 17500, *et seq*., Health & Safety Code § 109875, *et. seq*., and the common law.

87.  Defendant's conduct is further "unlawful" because it violates the California Sherman Law, see Cal. Health & Safety Code § 109875-111915 (specifically *id.* §§ 110095, 110100, 110105, 110110, 110111, 110115, 110422 *et seq.*, 110660 *et seq.*), which incorporates the identical provisions of the FDCA.

88.  Defendant's actions described herein similarly violated the consumer protection statutes and statutes prohibiting unfair, unlawful or deceptive business acts or practices in effect in every state in which Defendant or their affiliates do business, and the common law of those states.

89.  Plaintiff and the Class reserve the right to allege other violations of law which constitute other unlawful business acts or practices.  Such conduct is ongoing and continues to this date.

90.  Defendant's acts, omissions, misrepresentations, practices and non-disclosures as alleged herein also constitute "unfair" business acts and practices within the meaning of Business & Professions Code Section 17200, *et seq.*, and similar statutory provisions in other jurisdictions within the United States, in that their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous because the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  Plaintiff alleges violations of consumer protection, unfair competition and truth in advertising laws resulting in harm to consumers.  Plaintiff asserts violations of the public policy of engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers.  There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

91.  Defendant's claims, nondisclosures and misleading statements, as more fully set forth above, were also false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code Section 17200 as to "fraudulent" conduct, and similar provisions protecting consumers in other jurisdictions within the United States.  Defendant's labeling, website and other advertisements, as described

herein, were false, deceptive, and/or likely to deceive a reasonable consumer because Defendant is marketing weight loss teas when, in reality, the Product has no weight loss properties, and/or has less weight loss properties than claimed, and/or because Defendant's omitted material information from the Products' advertising as described herein, such that if Plaintiffs and members of the Class had known those material facts, they would not have purchased the Product.

92.   Plaintiff and the Class were exposed to Defendant's advertising as alleged herein.

93.   Defendant's conduct caused and continues to cause substantial injury to Plaintiff and members of the Class.  Plaintiff has suffered injury in fact as a result of Defendant's unfair conduct, in the form of the lost purchase price of the Product, which she purchased after being exposed to Defendant's advertising statements, as described herein.

94.   Defendant's conduct caused and continues to cause substantial injury to Plaintiff and the other members of the Class.  Plaintiff and the Class continue to be exposed to Defendant's false and/or misleading advertising every time they shop for dietary supplements and encounter Defendant's false or deceptive advertising on store shelves.  Defendant's competitors will also continue to suffer from Defendant's unfair or deceptive business conduct if injunctive relief is not afforded.

95.   Defendant has thus engaged in unlawful, unfair and fraudulent business acts and practices and false advertising, entitling Plaintiff and the Class to injunctive relief against Defendant, as set forth in the Prayer for Relief.

96.   Pursuant to Business & Professions Code Section 17203, Plaintiff and the Class seek an order requiring Defendant to immediately cease such acts of unlawful, unfair and fraudulent business practices and requiring Defendant to engage in a corrective advertising campaign.

97.   Plaintiff and the Class members are likely to be damaged by Defendant's deceptive trade practices, as Defendant continues to disseminate misleading advertising

19

and engage in conduct that violates the UCL.   Thus, injunctive relief enjoining this deceptive practice, and retrospective injunctive relief to remedy Defendant's past conduct, is proper.

98.   Plaintiff and the Class also seek an order for the disgorgement and restitution of all monies from the sale of Defendant's Product, which were unjustly acquired through acts of unlawful, unfair, and/or fraudulent competition.

## THIRD CAUSE OF ACTION

### Violations of California Business and Professions
### Code Section 17500 *et seq*. (False Advertising Law)
### [On Behalf of Plaintiff and the Class and Against the Defendant]

99.   Plaintiff repeats, re-alleges and incorporates by reference each and every allegation contained above as if fully set forth herein.

100.   Plaintiff has standing to pursue this claim as Plaintiff suffered injury in fact as a result of Defendant's actions as set forth herein.   Specifically, prior to the filing of this action, Plaintiff purchased the Product in reliance upon Defendant's marketing claims. Plaintiff used the Product as directed, but the Products did not work as advertised, nor provide any of the promised benefits.

101.   Defendant's business practices as alleged herein constitute unfair, deceptive, untrue, and misleading advertising pursuant to California Business and Professions Code section 17500, *et seq*. because Defendant has advertised its Product in a manner that is untrue and misleading, or that Defendant knew was untrue or misleading, or omitted material information from their advertising which Defendant had a duty to disclose.

102.   Defendant's wrongful business practices have caused injury to Plaintiff and the Class, in the form of the lost purchase price of the Product.   Plaintiff and the Class purchased the Product after being exposed to Defendant's false or deceptive advertising claims, as described herein.

103.   Defendant's conduct caused and continues to cause substantial injury to

20

Plaintiff and the other members of the Class.  Plaintiff and the Class continue to be exposed to Defendant's false and/or misleading advertising every time they shop for dietary supplements and encounter Defendant's false or deceptive advertising on store shelves.  Defendant's competitors will also continue to suffer from Defendant's unfair or deceptive business conduct if injunctive relief is not afforded.

104.  Pursuant to section 17535 of the California Business and Professions Code, Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage in deceptive business practices, false advertising, and any other act prohibited by law, including those set forth in this Complaint.

105.  Plaintiff and the Class also seek an order for the disgorgement and restitution of all monies from the sale of Defendant's Products, which were unjustly acquired through acts of unlawful, unfair, and/or fraudulent competition.

## FOURTH CAUSE OF ACTION

### Breach of Express Warranty

### [On Behalf of Plaintiff and the Class and Against the Defendant]

106.  Plaintiff repeats, re-alleges and incorporates by reference each and every allegation contained above as if fully set forth herein.

107.  On the Product's labels Defendant expressly warranted that the Product was effective, proper, and safe for its intended use.  Defendant made affirmations of fact or promises, or description of goods, which were "part of the basis of the bargain," in that Plaintiff and the Class purchased the Product in reasonable reliance on the Product's labeling statements.  Cal. Com. Code §2313(1); *see also Zwart v. Hewlett-Packard Co.*, 2011 WL 3740805 (N.D. Cal., Aug. 23, 2011) (holding that online assertions can create warranties).  The quoted language from the Product's labels, as contained in this Complaint, constituted the express warranties.

108.  Defendant breached the express warranties with Plaintiff and the Class by not selling the Product that provided the benefits described above, and that breach actually and proximately caused injury in the form of the lost purchase price for the Product.

109.   As a result of Defendant's breach of their warranties, Plaintiff and the Class have been damaged in the amount of the purchase price of the Product they purchased.

## **FIFTH CAUSE OF ACTION**

**Breach of Implied Warranty of Merchantability (Cal. Com. Code §§ 2314(1), 2314(2)(f))**

**[On Behalf of Plaintiff and the Class and Against the Defendant]**

110.   Plaintiff repeats, re-alleges and incorporates by reference each and every allegation contained above as if fully set forth herein.

111.   Defendant, in its sale, marketing and promotion of its Product, and the acts and omissions as set forth herein, made representations to Plaintiff and the Class in the form of representations on the Product's labels.  The quoted language from the Product's labels, as contained in this Complaint, constituted warranties or merchantablity.

112.   Plaintiff and the Class purchased the Product manufactured, advertised and sold by Defendant.

113.   Defendant is a merchant with respect to the goods of this kind which were sold to Plaintiff and the Class, and there was in the sale to Plaintiff and other consumers an implied warranty that those goods were merchantable.

114.   However, Defendant breached that warranty implied in the sale of goods, in that the Product did not provide the purported benefits, as set forth in detail herein.

115.   As a result of Defendant's conduct, Plaintiff and the Class did not receive goods as impliedly warranted by Defendant to be merchantable in that they did not conform to the promises and affirmations made on the container or label of the goods. *See* Cal. Com. Code §§ 2314(1), 2314(2)(f).

116.   Plaintiff and Class have sustained damages as a proximate result of the foregoing breach of implied warranty in an amount to be determined at trial.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of herself, all others similarly situated, and the general public, pray for a judgment against Defendant on each cause of action:

A.    For an order declaring this action to be a proper Class Action and requiring Defendant to bear the costs of class notice;

B.    For an order awarding declaratory and injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein;

C.    For an order awarding restitution and disgorgement of Defendant's revenues to Plaintiff and the proposed Class members;

D.    For an order compelling Defendant to engage in a corrective advertising campaign to inform the public concerning the true nature of the Product;

E.    For an order awarding damages, and punitive damages, to Plaintiffs and the Class against Defendant, as provided by statute or applicable law;

F.    For an order awarding attorneys' fees and costs to Plaintiff;

G.    For an order providing for all other such equitable relief as may be just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: January 14, 2014

/s/ Ronald A. Marron
RONALD A. MARRON

**THE LAW OFFICES OF
RONALD A. MARRON**
RONALD A. MARRON
ron@consumersadvocates.com
SKYE RESENDES
skye@consumersadvocates.com
ALEXIS M. WOOD
alexis@consumersadvocates.com
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006
Facsimile: 619) 564-6665

*Counsel for Plaintiff and the
Proposed Class*

23

1    I, Jessica Augustine, declare as follows:

2        1.    I am the Plaintiff in this action.  I make this affidavit as required by

3    California Civil Code Section 1780(d).

4        2.    The Complaint in this action is filed in a proper place for the trial of

5    this action because Defendant is doing business in this county.

6        I declare under penalty of perjury under the laws of the United States that

7    the foregoing is true and correct.

8

9    Dated: Dec 26, 2013

10

11   Jessica Augustine

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                    AFFIDAVIT OF VENUE

**Table of Exhibits**

| EXHIBIT NUMBER | EXHIBIT DESCRIPTION | PAGE NUMBERS |
|---|---|---|
| Exhibit 1 | Plaintiff's CLRA letters | 1-8 |

# EXHIBIT 1

Law Offices of
# Ronald A. Marron
A Professional Law Corporation

651 Arroyo Drive
San Diego, CA 92103

Tel: 619.696.9006
Fax: 619.564.6665

December 9, 2013

### Via: Certified Mail, (receipt acknowledgment with signature requested)

**Natrol Products, Inc.**
AGENT FOR SERVICE OF PROCESS:
Mesrop G. Khoudagoulian
333 North Brand Blvd
Glendale, CA 91203

**Natrol Products, Inc.**
Attn: LEGAL DEPARTMENT
21411 Prairie St
Chatsworth, CA 91311

*RE:    NOTICE: Violations of the California Consumer Legal Remedies Act and Duty to Preserve Evidence*

Dear Sir or Madam,

**PLEASE TAKE NOTICE** that this letter constitutes notice under the California Consumer Legal Remedies Act, ("CLRA"), California Civil Code Section 1750, *et seq.,* (the "ACT") — pursuant specifically to Civil Code Section 1782 — notifying **Natrol Products, Inc.** (collectively, "YOU" and "YOUR") of violations of the Act and of our demand that YOU remedy such violations within thirty (30) days from your receipt of this letter.

This firm represents Ms. Jessica Augustine. Ms. Augustine purchased "Laci Le Beau Super Dieter's Tea," ("Product") from Ross in La Mesa, California, around May or June of 2013. Ms. Augustine was exposed to and saw YOUR claims about the Product, purchased the Product in reliance on those claims, and suffered injury in fact as a result of YOUR false and misleading advertising.

YOU falsely advertise and market the Product by putting false and misleading claims on the label, stating or suggesting that the Product will "Eliminate Impurities", "Cleanse," and that the Product "Supports Weight Loss Efforts," when in fact the Product is nothing more than senna leaf ("Senna") a stimulant laxative. YOU also falsely advertise and market the Product as being, "America's #1 Selling Dieter's Tea," and a "Dietary Supplement."

Because the Product has no weight loss characteristics, it is not effective for weight loss or appetite suppression and therefore does not work as advertised. Moreover, Senna can actually thwart weight loss

Exhibit 1                                                                                      1

by slowing the metabolism and causing chronic bloating and constipation.  Also, Senna may cause abdominal cramps, nausea, fainting, breathing difficulties, fluctuations in body temperature and even organ failure.

Additionally, you label the product as a "Dietary Supplement," when in fact it is not a supplement as that term is understood under the Dietary Supplement Health and Education Act of 1994, which mandates "substances" in consumed dietary supplements must contribute and retain "nutritive value."  Here, the Product contains non-nutritive mixtures of roots, barks and herbs, along with the non-nutritive sweetener, stevia, and serves as a delivery system for Senna, which is not only non-nutritive but actually robs the body of nutrients by causing diarrhea.

A reasonable consumer would have relied on the deceptive and false claims made in YOUR advertisements and through the exercise of reasonable diligence would not have discovered the violations alleged herein because YOU actively and purposefully concealed the truth regarding YOUR products or services.

In addition to the violations previously identified, please take further notice that YOUR Product's claims constitute a breach of express and implied warranties.  Absent YOUR compliance with YOUR obligations under such warranties and cure of said breach (see 15 U.S.C. §§ 2301, *et seq.*), our client intends to pursue a class action with this regard.

In conclusion, YOUR material misrepresentations are deceiving customers into purchasing YOUR Product under the representation the Product provides weight loss and weight management benefits, when in fact it does not.

Please be advised that the alleged unfair methods of competition or unfair or deceptive acts or practices in violation of the CLRA include, but are not necessarily limited to:

§ 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have.

§ 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another.

§ 1770(a)(9): advertising goods with intent not to sell them as advertised.

§ 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

YOU have failed to honor your consumer protection obligations.  Based upon the above, demand is hereby made that YOU conduct a corrective advertising campaign and destroy all misleading and deceptive advertising materials and products.

Exhibit 1                                                        2

Please be advised that your failure to comply with this request within thirty (30) days may subject you to the following remedies, available for violations of the CLRA, which will be requested in the class action complaint on behalf of our client, Ms. Augustine and all other similarly-situated U.S. residents:

(1) The actual damages suffered;

(2) An order enjoining you for such methods, acts or practices;

(3) Restitution of property (when applicable);

(4) Punitive damages;

(5) Any other relief which the court deems proper; and

(6) Court costs and attorneys' fees.

Additionally, I remind you of your legal duty to preserve all records relevant to such litigation. See, e.g., *Convolve, Inc. v. Compaq Computer Corp.*, 223 F.R.D 162, 175 (S.D.N.Y 2004); *Computer Ass'n Int'l v. American Fundware, Inc.*, 133 F.R.D. 166, 168-69 (D. Colo. 1990). This firm anticipates that all e-mails, letters, reports, internal corporate instant messages, and laboratory records that related to the formulation and marketing of YOUR products will be sought in the forthcoming discovery process. You therefore must inform any employees, contractors, and third-party agents (for example product consultants and advertising agencies handling your product account) to preserve all such relevant information.

In addition, California Civil Code Section 1780 (b) provides in part that: "Any consumer who is a **senior citizen or a disabled person**, as defined in subdivision (f) and (g) of Section 1761, as part of an action under subdivision (a), may seek and be awarded, in addition to the remedied specified therein, up to **five thousand dollars** ($5,000)… [emphasis added]".

I look forward to YOU taking corrective action. Thank you for your time and consideration in this matter.

Sincerely,

THE LAW OFFICES OF RONALD A. MARRON APLC

/s/ Ronald A. Marron
Ronald A. Marron
Attorney for Jessica Augustine and all others similarly situated

Exhibit 1                                                                                                                3

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**Natrol Products, Inc.**
Attn: LEGAL DEPARTMENT
21411 Prairie St
Chatsworth, CA 91311

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent   ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
William Valenzuela   12/12/13

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from servi   7009 1680 0001 2316 8820

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

Exhibit 1   4

Law Offices of

# Ronald A. Marron

A Professional Law Corporation

651 Arroyo Drive
San Diego, CA 92103

Tel: 619.696.9006
Fax: 619.564.6665

December 12, 2013

**Via: Certified Mail, (receipt acknowledgment with signature requested)**

**Natrol Products, Inc.**
AGENT FOR SERVICE OF PROCESS:
Mesrop G. Khoudagoulian
333 North Brand Blvd
Glendale, CA 91203

**Natrol Products, Inc.**
Attn: LEGAL DEPARTMENT
21411 Prairie St
Chatsworth, CA 91311

***RE:*** ***NOTICE: Violations of the California Consumer Legal Remedies Act and Duty to Preserve Evidence***

Dear Sir or Madam,

   **PLEASE TAKE NOTICE** that this letter constitutes notice under the California Consumer Legal Remedies Act, ("CLRA"), California Civil Code Section 1750, *et seq.,* (the "ACT") — pursuant specifically to Civil Code Section 1782 — notifying **Natrol Products, Inc.** (collectively, "YOU" and "YOUR") of violations of the Act and of our demand that YOU remedy such violations within thirty (30) days from your receipt of this letter.

   This firm represents Ms. Jessica Augustine. Ms. Augustine purchased "Laci Le Beau Super Dieter's Tea, Acai Flavor," ("Product") from Ross in La Mesa, California, around May or June of 2013. Ms. Augustine was exposed to and saw YOUR claims about the Product, purchased the Product in reliance on those claims, and suffered injury in fact as a result of YOUR false and misleading advertising.

   YOU falsely advertise and market the Product by putting false and misleading claims on the label, stating or suggesting that the Product is "America's #1 Brand of Dieters Tea", is a "Super Dieter's Tea", "Supports Weight Loss Efforts," and "Helps Eliminate Impurities." In fact the Product is nothing more than senna leaf ("Senna"), a stimulant laxative. YOU also falsely advertise and market the Product as containing "Nature's finest botanicals" claiming "Your Diet is in the Bag," and that the Product "will help cleanse your body of impurities" and "support your weight loss efforts."

Exhibit 1                    5

Because the Product has no weight loss characteristics, it is not effective for weight loss or appetite suppression and therefore does not work as advertised. Moreover, Senna can actually thwart weight loss by slowing the metabolism and causing chronic bloating and constipation. Also, Senna may cause abdominal cramps, nausea, fainting, breathing difficulties, fluctuations in body temperature and even organ failure. In fact, the Product is not a "tea" at all because it only contains senna leaf, acai and stevia.

A reasonable consumer would have relied on the deceptive and false claims made in YOUR advertisements and through the exercise of reasonable diligence would not have discovered the violations alleged herein because YOU actively and purposefully concealed the truth regarding YOUR products or services.

In addition to the violations previously identified, please take further notice that YOUR Product's claims constitute a breach of express and implied warranties. Absent YOUR compliance with YOUR obligations under such warranties and cure of said breach (see 15 U.S.C. §§ 2301, *et seq.*), our client intends to pursue a class action with this regard.

In conclusion, YOUR material misrepresentations are deceiving customers into purchasing YOUR Product under the representation the Product provides weight loss and weight management benefits, when in fact it does not.

Please be advised that the alleged unfair methods of competition or unfair or deceptive acts or practices in violation of the CLRA include, but are not necessarily limited to:

§ 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have.

§ 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another.

§ 1770(a)(9): advertising goods with intent not to sell them as advertised.

§ 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

YOU have failed to honor your consumer protection obligations. Based upon the above, demand is hereby made that YOU conduct a corrective advertising campaign and destroy all misleading and deceptive advertising materials and products.

Please be advised that your failure to comply with this request within thirty (30) days may subject you to the following remedies, available for violations of the CLRA, which will be requested in the class action complaint on behalf of our client, Ms. Augustine and all other similarly-situated U.S. residents:

Exhibit 1                                                          6

(1) The actual damages suffered;

(2) An order enjoining you for such methods, acts or practices;

(3) Restitution of property (when applicable);

(4) Punitive damages;

(5) Any other relief which the court deems proper; and

(6) Court costs and attorneys' fees.

Additionally, I remind you of your legal duty to preserve all records relevant to such litigation. See, e.g., *Convolve, Inc. v. Compaq Computer Corp.*, 223 F.R.D 162, 175 (S.D.N.Y 2004); *Computer Ass'n Int'l v. American Fundware, Inc.*, 133 F.R.D. 166, 168-69 (D. Colo. 1990). This firm anticipates that all e-mails, letters, reports, internal corporate instant messages, and laboratory records that related to the formulation and marketing of YOUR products will be sought in the forthcoming discovery process. You therefore must inform any employees, contractors, and third-party agents (for example product consultants and advertising agencies handling your product account) to preserve all such relevant information.

In addition, California Civil Code Section 1780 (b) provides in part that: "Any consumer who is a **senior citizen or a disabled person**, as defined in subdivision (f) and (g) of Section 1761, as part of an action under subdivision (a), may seek and be awarded, in addition to the remedied specified therein, up to **five thousand dollars** ($5,000)..." [emphasis added].

I look forward to YOU taking corrective action. Thank you for your time and consideration in this matter.

Sincerely,

THE LAW OFFICES OF RONALD A. MARRON APLC

/s/ Ronald A. Marron
Ronald A. Marron
Attorney for Jessica Augustine and all others similarly situated

Exhibit 1                                                                                   7

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**Natrol Products, Inc.**
Attn: LEGAL DEPARTMENT
21411 Prairie St
Chatsworth, CA 91311

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
☐ Addressee

B. Received by ( Printed Name)     C. Date of Delivery
WILLIAM VALENZUELA    12/10/13

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7013 1710 0001 2274 2789

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

Exhibit 1     8